Mr. Moore. Good morning, your honors. May it please the court. James Moore here on behalf of the appellant, Dr. Kristen Decina. I appreciate the opportunity for oral arguments this morning. It's an honor to be here. We are here today because the district court erred in granting summary judgment on the Fourth Amendment false arrest case. Very briefly in the facts, the appellant, Dr. Kristen Decina, is a 34-year-old veterinarian that was living in Myrtle Beach, South Carolina. On around 1.30 a.m. on January 6th of 2018, she contacted the Horry County Police Department after her ex-boyfriend had entered into her home unwanted, physically abusing her. She assaulted her and then caused damage throughout the inside of her home and to her car that was parked outside. Law enforcement did not respond that night. The next morning she called again and Officer Amos Berry of the Horry County Police Department responded to this call. South Carolina unfortunately has one of the highest incidents of criminal domestic violence in the country and because of that our state has enacted a statute that requires an investigating officer to consider five factors with responding to reports of criminal domestic violence. But you would agree that that's not constitutionally driven, that's a statute that you have in the state of South Carolina, correct? Yes, Your Honor. It is a statute in South Carolina. The question here is what did Officer Berry do that was unconstitutional? Every one of the factors contained in that statute were embraced in his 20-page report. They were not, Your Honor, because he did not, first of all he testified that he was not aware of the five factors and he also testified that he did not consider the issue of self-defense, which I believe was the issue. You know, the problem is when police officers really do dislike these cases of domestic, when there's a report of domestic violence and when they arrive on the scene they don't really have the background of the domestic dispute and they don't know who did what to whom and there's often a, you know, the two sides, the man and the woman have the domestically opposite stories to tell and so they don't know the background but what we do want is we want police before they arrest people to go and get warrants and that's what this officer did. And you don't want it to get so that we would have to say that he acted in, that the police acted in reckless disregard of the truth during the warrant process. And how can the officer have acted in reckless disregard when he presented a complete case report that presented both sides of the question? I mean, there would at least be qualified immunity, wouldn't there? To answer your question, Your Honor, we do want officers to investigate. We also, they're required to do a primary aggressor analysis before they submit it to a magistrate court and here that didn't happen. Not only did that not happen, but the warrant request was presented to the court in a legally unacceptable manner. But isn't that the magistrate's decision to decide whether it's correct? The police officer's got no obligation to tutor the magistrate on the law. He or she made that decision. I believe that the law enforcement officer has the obligation to present somebody before a magistrate court that has personal knowledge of the underlying investigation. You don't think that's the magistrate's responsibility to make sure that's done? The police officer is responsible for the quality of the evidence presented as long as it's truthful? The warrant affidavit request doesn't even specify who did the investigation. I think what happens oftentimes is that an officer will come with a number of warrants, read what's in the warrant affidavit, and the magistrate judge will sign off on it. To Judge Hudson's point, why isn't that an argument that maybe the magistrate should have denied the warrant? I don't know, but maybe they should have. But that once the magistrate issues the warrant, the officer has a document signed by a court that says you can do this thing and absent the ability to show the Frank's violation that he sort of recklessly or intentionally withheld information from the magistrate, essentially defrauded the magistrate judge. As long as he didn't defraud the magistrate judge, he's allowed to rely on the warrant. Why isn't that just the end of that? Well, not only did the warrant, was it attested to by someone without any personal knowledge? South Carolina law is very clear. There's a statute. There's also a case law. How is that the officer's responsibility? He doesn't supervise the magistrate? It's just like someone coming into one of our courts and presenting information. Is the officer's responsibility under statute to conduct the primary aggressor analysis and present a warrant in a legally acceptable form? What you're doing, what you're doing is you're pushing officers to present to magistrates a distorted case rather than a complete case. Now, it may be in some instances that an officer will present just the facts amounting, in most instances, the facts amounting to probable cause to arrest a single individual or to search a single home. But here you get two disputed questions of fact, and we are going to say as a matter of law that a magistrate, I mean, that a police officer can present in getting a warrant and a warrant application only one side of the case. Then we're going to get another lawsuit saying that the police officer omitted the other side of the case. And suppose they had arrested one of the parties to this case, the one that was arrested would invariably say, well, the officer omitted entirely my point of view. So we're going to get another lawsuit. And, you know, I really, I really think you're confusing the role that I think that Judge Hudson makes a good point here that we run the risk of confusing who's in the driver's seat, the police officer or the magistrate. And I thought to the best of what I could figure out, I think the police officer was trying to help the magistrate discharge his constitutional responsibility under federal law. He was trying to help him. And, Your Honor, I respectfully disagree. I think if he was trying to help the magistrate officer, he would have attended the meeting himself. He would have provided sworn testimony that the magistrate court could have relied on. The supplemental case report, it's an issue of material fact whether that report was even considered by the magistrate judge. But we know it wasn't incorporated into the arrest warrant. And so even if it was considered by the magistrate judge, there is numerous cases in South Carolina that says a magistrate judge cannot rely on unsworn documents or testimony. Well, Mr. Pennington was under oath. Mr. Pennington presented this and he knew that it was true the completed case report was not in the affidavit. But the officer who presented this was under oath. And I'm wondering whether you're making a bit of a distinction without a difference. But at the very least, this can't be a qualified immunity would protect an officer here and thinking that I am thinking I can present both sides to the magistrate and the magistrate. It's not as if it went without an oath because Pennington, he was under oath. Yes, Your Honor. And Officer Pennington testified that she had no understanding or knowledge of the background investigation. She was placed under oath and read exactly what was in the warrant request form. The case file was not incorporated into her testimony. It was not incorporated into the warrant affidavit itself. With respect to qualified immunity and your question regarding qualified immunity, we have set forth allegations of a Fourth Amendment violation. And that Fourth Amendment violation was clearly established. There's an abundance of case law that says you cannot withhold information that negates probable cause from an arrest warrant. That is exactly what happened here. Yes, there was information that was submitted in a case file. We don't know whether the magistrate judge saw it, considered it, but we do know that it would be unconstitutional for the magistrate judge to consider it in determining probable cause in this case. Unconstitutional? Unconstitutional, yes, Your Honor. Did you present this to the district court judge in South Carolina? Yes, Your Honor. What did he or she say? The district court judge determined that in error that the case report itself was supplemented or incorporated into the warrant request. So you cite a lot of South Carolina law. Are you familiar with the Supreme Court's decision in Virginia v. Moore? I'm not, Your Honor. So it's 553 U.S. 164 from 2008. And as I read Virginia v. Moore, it says candidly that when it comes to the Fourth Amendment, the Fourth Amendment does not care if you violate state law about how you get warrants or how you do searches. Obviously, state law determines whether what you did is a crime. But in terms of the procedure for getting a warrant, the procedure for... So in Virginia v. Moore, the defendant was arrested in violation of a Virginia statute that said the crime they committed was not an arrestable offense under Virginia law. And the Supreme Court said Virginia can say whatever they want about what you can and can't arrest people for. But whether or not your arrest violates state law is just categorically irrelevant under the Fourth Amendment. So what do I do with that? Well, I think here the state law is relevant in terms of the allegations of recklessness against this particular officer that he submitted this warrant request in a legally unacceptable format. And it goes to the inference, it goes against the inference that the magistrate judge even reviewed an unsworn case report that he may or may not have even received. And the inference can be drawn that he didn't review it because under South Carolina case law, it would be unconstitutional for him to rely on that in establishing probable cause to arrest Dr. DeSena. This circuit has been very, very reluctant to find that officers committed Fourth Amendment violations when officers submitted warrant affidavits and particularly where there were cases of omission. Because as far as I can say, what was submitted to the magistrate, it wasn't untrue, it wasn't a false picture, it wasn't an intention to mislead. And with the omission cases, you have to prove that there was reckless disregard of highly relevant omitted facts. And how can somebody be recklessly disregarding the omitted facts when they're trying to paint a complete picture of the facts? That's what I don't understand. It just goes completely counter to our precedent. Your Honor, my response to that would be there are procedures, legal procedures that this officer must go by. In this case, he sent a colleague who had no personal knowledge whatsoever to the underlying investigation and then did not provide facts in the warrant request form that negate probable cause. I mean, there was no mention of the fact that Dr. DeSena had presented text messages to this officer where she, on six occasions, repeatedly and unequivocally told him not to come into the house, that he had admitted to causing property damage both inside the house and outside the house. No mention that she had bruises, abrasions that he determined to be fresh. This is all information that should have been provided to the magistrate court in a legally acceptable manner. It wasn't. And when it ultimately was three months later during a preliminary hearing, the presiding magistrate judge immediately dismissed the case because that was the first time a magistrate judge got the whole picture under oath as it should have been presented the first time. But I did not see this, what was submitted to the magistrate judge, I don't think it pictured Mr. Atkinson in some kind of benevolent light, at least as far as I was able to determine. The case report had told the magistrate that Atkinson had physically injured DeSena, that he was intoxicated, that he was told not to come to the house, that he caused property damage. So this officer was not trying to absolve Mr. Atkinson. On the other hand, he had a situation, I think, where Mr. DeSena had thrown a knife or something or a hard object against his skull. So you had a situation that was very hard for a police officer coming in with limited knowledge to untangle. And doggone, it seems to me, he did the best that he could. And he didn't try to absolve Atkinson, he pointed out all the unfavorable comments about it. But you've got some rebuttal time and you can utilize it when that time comes. We do appreciate your argument, and if there are any further questions from my colleagues, I'll let them ask it. Otherwise, just let us know what you think in rebuttal, okay? Thank you, Your Honor. May it please the Court. I'm Nelson Chandler. I represent the defendant appellee, Officer Berry, and I practice in Charleston. Before this Court is plaintiff's contention that the state magistrate judge, the federal magistrate judge, and the federal district judge all erred in finding probable cause for plaintiff's arrest for purposes of a 1983 claim alleging a violation of the Fourth Amendment. But the threshold issue for this Court is not whether in the abstract probable cause did or did not exist because, as has been noted, the magistrate judge determined probable cause with the warrant. Therefore, the officer is insulated from liability unless plaintiff can prove that he willfully or recklessly lied or hid relevant material, material facts, with the intent to mislead the magistrate judge. Plaintiff cannot meet this burden, and the district court can and should be affirmed on any one of four grounds. The first ground is that there were no omissions to the state magistrate. The second ground is that there is no evidence of the requisite culpability or intent to mislead on the part of the officer. The third ground is that plaintiff's facts simply do not negate probable cause, which is the standard of review. And fourth, Officer Berry is entitled to qualified immunity. The plaintiff appellant speaks about the importance of enforcing criminal domestic violence laws in the state of South Carolina due to the problems there, but the plaintiff's argument would perversely disincentivize officers from enforcing the law. To Judge Wilkinson's last point, not only did the officer reveal to the magistrate all of the information relevant to Mr. Atkinson, he also charged Mr. Atkinson. He charged both parties because, as he put in his report, he could not determine the primary aggressor. And there was some discussion about the primary aggressor analysis, which is contained in the state statute, not, of course, in the Fourth Amendment, as noted by Judge Heitens. But those factors are actually in the statute that governs warrantless arrests because they want to give guidance to officers who make a decision without the ability to go to a magistrate judge. In this case, by contrast, the officer went to the magistrate, reported all the facts that were known to him, and the magistrate issued the decision. Certainly, there's no indication that the magistrate was anything other than disinterested, neutral, and made his decision based on the facts presented to him. You make an interesting point, and that is that police officers really do not relish going into a home and trying to make sense of a domestic quarrel or a domestic dispute. It is something that they do not like to do. It's a dangerous situation because tempers are riding very high. The occupants of the home often have concealed weapons, and they're often intoxicated, and they've often reached an irrational state. You're going in with limited knowledge, and officers don't like to do it. If you then start saying, well, you're going to be open to 1983 liability for presenting both sides of a case to a magistrate judge, you're making it even less likely that the victims of domestic violence are going to be able to call upon police assistance when they may very well need it, because the officers are only human. And that's one thing that concerns me, is that this was resulting in exactly the wrong kinds of consequences that we would want for the victims of domestic violence. Your Honor, we certainly agree with that, and we think that that same rationale is set forth very well in your concurrence in the Evans v. Chalmers opinion, which involved the tragic situation about the prosecution of the Duke lacrosse team for allegations of rape that turned out to be completely false. But there, the court stated that it's important to encourage officers to seek warrants, because one, we want them to go through that process, and the alternative is that they make the decision on their own, or they just avoid making arrests altogether. But again, going back to the standard here, the standard here, because of the warrant, and again, this court has said many times that the state magistrate is entitled to great deference with respect to the issuance of the warrant. So great deference. So when you look at that, to overcome that, this court has determined that the Franks analysis should be applied if you're going to overturn a state court magistrate's decision, and that can be shown through either lies or omissions. And the case of an officer lying to a magistrate judge is a serious case. It's easier to determine. But the case of an officer omitting something before a magistrate is much more difficult and fraught with problems, because there's always going to be something that's omitted. So the point is that you've got to show some intent to actually mislead the magistrate. But in this case, ironically, there really was nothing omitted to the magistrate judge, because everything that the officer learned was contained in his report. Now, the appellant makes a point about the officer presenting the magistrate being an officer that was different from the officer who performed the investigation. But there is nothing inappropriate about that. In fact, the Supreme Court and this court has held that a fiant seeking a warrant may act on hearsay information, even from a confidential informant. But here we have information received from another officer, which the president said is reliable. And again, the question before the magistrate is whether or not reliable information is presented. And the information at issue here that was contained in the report is unquestionably reliable. In fact, it's the information the plaintiff seeks to rely upon. So that reliability concern is not present in this situation. Also, it's interesting to note that at least in the District of South Carolina, and I'd refer the court to Box v. City of North Charleston, which is a 2019 opinion, the District Court of South Carolina has actually endorsed this approach, because in those cases, in that case at least, that municipality has an officer designated as the officer to present warrants. So in other words, there is a designated officer who presents warrants based on information received from other officers, and that practice has been expressly confirmed. Additionally, with respect to the fact that, or the allegations about the swearing of the information, as Your Honor noted, Officer Pennington was sworn under oath before the magistrate judge, and after being sworn, she gave the magistrate judge the report. What could she swear to other than, I swear this is the thing that another officer gave me? Generally speaking, I think that's right. What she's swearing to is that she received this information from another officer. Cool. And she had previously, as she testified, reviewed the warrant application, reviewed the warrant request, and reviewed the officer's report. So what she's swearing to is I've received information I deem to be reliable, which is the same thing an officer does when they swear I've received information from a confidential informant that I redeem. But this situation, of course, it is more reliable, because it's coming from an officer, not an anonymous informant. And in fact, you'll note on the warrant, the language, of course, is the same from the affidavit presented, but the warrant identifies Responding Officer Berry on its face. So that it's very clear that there was no confusion on behalf of the magistrate's office in terms of who the responding and the investigating officer was. So certainly nothing was withheld from the magistrate judge, and Officer Pennington was acting pursuant to a policy that has been approved by the District of South Carolina. The plaintiff has cited a South Carolina case and talked about it in this argument, GIST. And GIST involved state tort claims and not the application of the Franks analysis. So for that reason, it's not on point. But it is interesting and actually supports our position because it's in such contrast to this case. In that case, the arrest warrant was insufficient on its face to establish probable cause. In fact, it didn't even link the suspect to the crime. So in some effort to try to show probable cause, the defense tried to create it by saying that the officer, who may not have been under oath, told the magistrate about a lineup that may or may not even have occurred. So they were trying to rely on information outside of the affidavit that was not under oath and possibly false to obtain an arrest warrant. Plainly, you can't do that. We agree that you absolutely can't do that. Well, in this case, there's no evidence that the officer made a false statement. It was simply his opinion of what occurred at the scene that he responded to, correct? That is exactly correct, Your Honor. The plaintiff does not and has never claimed that the officer lied or misrepresented facts. He called him as he saw him. He called him as he saw him, and the only claim is that there's been an omission. In fact, he didn't even provide his opinion. He provided the appellant's own allegations directly to the magistrate. Here's what she said. And I can't determine between these two who the primary aggressor is. And the state statute contemplates that. The state statute contemplates a situation where you go to the magistrate and you say that. And you put in your report, I can't make that determination. And then the magistrate either makes the determination or goes ahead and issues a warrant for both. And if at some point it is determined that probable cause does not exist for one or the other, those charges are then dismissed. So going back to the gist opinion, the rationale for requiring sworn testimony actually doesn't exist here because there's no question about the reliability of the information that was provided from the plaintiff's perspective. But you agree that the text of the Fourth Amendment requires someone to be under oath, right? No warrants shall issue except upon probable cause supported by oath or affirmation. Someone has to be under oath. That's imposed directly by the Fourth Amendment, right? Exactly right, Your Honor. The Fourth Amendment prohibits unreasonable seizures. And it also requires that no seizures take place except from a defiant being placed under oath to commence the proceedings. And again, the oath is to ensure reliability and to demonstrate the weighty nature of what's occurring. But it's also because what you're under oath for is to put forth those facts supporting probable cause. Counsel, I think we understand your arguments both from your briefs and from what you've told us this morning. And I think the court understands the case. And what I'm going to ask you is, do you have anything to add? And I'm going to ask my colleagues if they have any further questions of you. Judge Hytens, do you have any further questions? I do not. Judge Hudson? No, sir. And I have no further questions either. And so I think we understand your argument, sir. Thank you very much, Your Honor. I will conclude at this point and ask that the district court be affirmed in all respects. Thank you. All right. We appreciate it very much. Thank you so much. Very briefly, before I sat down, there was a question about the public policy behind this and the public policy of encouraging officers to submit arrest warrants to magistrate judges when they believe that someone has committed a crime. But I understand the public policy, or my position of the public policy, behind the primary arrest statute is to encourage victims of domestic violence to report the domestic violence without fear of retribution. And unfortunately, that is exactly what happened here. Dr. DeSena was the victim. She was charged with criminal domestic violence in the second degree. Mr. Nelson, he references the GIST case. And again, it seems that we are in agreement that a magistrate judge cannot rely on information that is outside of an attested to warrant or sworn testimony. That case file was not sworn to. It was not attested to. It's an issue of fact as to whether or not the magistrate judge even considered it. But you're seeking damages from the police officer, not the magistrate. Right. Yes, correct, Your Honor. And I believe that the officer had an obligation to conduct a primary aggressor analysis, which he admittedly did not do because he didn't know the five factors and did not consider self-defense. And if he's not going to do the primary aggressor analysis himself, he needs to present a case file, present evidence to a magistrate judge in a legal format that that magistrate judge can review. And instead, he sent a subordinate officer or a colleague that had no background to attest to information she can't attest to. I understand there are circumstances where an officer can present hearsay. Had Officer Pennington presented an arrest warrant that referenced Dr. DeSena's victim's report or Brandon Atkinson, the assailant, his report, and incorporated that by reference and allowed the judge to consider that, that would be a different story. But in this case, the officer didn't even present the statements of the victims that he had in his possession at the time in any format whatsoever. Instead, he sent an officer to swear to something that she can't swear to because she doesn't have personal knowledge of it. And there's an issue of material fact as to whether the case report was even reviewed, and if it was, if that's information that a magistrate... What do you say to your colleague's argument that officers do that all the time? They say the basis for my warrant is that a confidential source told me something. If they can do that, which I think they pretty clearly can do, and in fact do literally all the time, why can't they say a police officer told me that he had personally seen X? I think they can, Your Honor. And in the Driggers case, which is cited in the brief and is actually relied upon by the district court in their finding of summary judgment, in the Driggers case, there was an arrest, excuse me, a search warrant that was based on the testimony of an eyewitness. And what the officer did, the officer that had personal knowledge of the investigation, was submitted an arrest warrant that incorporated by reference the statement of the eyewitness. And the court found, okay, well, under those circumstances, incorporated that sworn testimony that the court can rely upon. They didn't do that here. If Officer Berry had presented an arrest warrant that he could personally attest to and reference the case file, or even better, the actual statements of the parties, we wouldn't be here today. That didn't happen here. And so, Your Honor, I believe there's also a public policy argument behind enforcing the law as it's written. Otherwise, it could have a rippling effect on the criminal justice system in our state if we can allow officers without any personal knowledge whatsoever to present warrants to a magistrate judge, provide a case file that's unattested to, and then put the burden on the magistrate judge to do a forensic evaluation of a document. The burden is always on the magistrate judge to determine the sufficiency of what's submitted and to determine the veracity of what's submitted. The magistrate judge is not a bump on a log. He or she doesn't have to just accept everything. They can ask questions. If they have questions, they can ask questions about it. But this is nothing unusual at all because of a magistrate judge saying, No, I don't think this is probable cause. I don't think this is right. I don't think this gives me some more information. But the magistrate didn't do that. Yes, Your Honor, and the magistrate would not have had the ability to do it here because there wasn't somebody that was present that could attest to anything. Well, then the magistrate could have said, No, we need to wait until the other individual who actually entered the home comes and testifies before me. The magistrate could have done all that. The magistrate didn't do it. But that's not the police officer's fault. Judge Hudson keeps pointing out, the magistrate is the one in control here. That's the problem from your point of view. Your Honor, if I could just answer, I think that it's... Could you please? We've given you some extra time. Go ahead and answer it very quickly. Yes, Your Honor, I think a magistrate judge should rely on an officer to do his duties as a sworn officer, to do a primary aggressor analysis and present the facts of the case in a legally acceptable manner. It didn't happen here. Once it finally did happen at a preliminary hearing, the charge was dismissed. At that point, the damage had been done. Dr. DeSena had been arrested, booked, mug shot, disseminated for the world to see. Your Honors, I would respectfully... You keep going. All right, that's enough. You keep going after the magistrate judge. And I think that bone's been chewed. Okay? Thank you. Thank you. I would respectfully request that this court reverse and remand the finding of summary judgment and allow this case to proceed on the merits of trial. Thank you very much. All right. We thank you very much. We appreciate your argument.
judges: J. Harvie Wilkinson III, Toby J. Heytens, Henry E. Hudson